UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
UNITED STATES OF AMERICA,　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:　　　**MEMORANDUM AND ORDER**
　　　　　　-against-　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:　　　11-CR-243 (DLI)(JO)
BRENTT ANTOINE,　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　Defendant.　　　:
------------------------------------------------------------ x

**DORA L. IRIZARRY, U.S. District Judge:**

The defendant, Brent K. Antoine[1], appeals from United States Magistrate Judge James Orenstein's March 21, 2011 order removing him, pursuant to FEDERAL RULE OF CRIMINAL PROCEDURE ("Rule") 5(c)(3)(D)(ii), to the Western District of Pennsylvania for prosecution pursuant to an arrest warrant issued in that district on November 30, 2010. Defendant argues that: (i) probable cause is not the appropriate standard for a determination of identity in a Rule 5 removal proceeding and, (ii) even if probable cause is the appropriate standard, the government has not met its burden for removal. The government disagrees. For the reasons set forth below, Magistrate Judge Orenstein's March 21, 2011 order of removal is affirmed.

**BACKGROUND**

On March 3, 2010, law enforcement officers of the Scott Township Police Department in Pennsylvania ("local officers") responded to an alert from Walmart loss prevention employees that four individuals had attempted to use credit cards that did not match the identification they

---

[1] The identification documents provided by defendant at the time of his arrest provide a spelling of defendant's first name as Brent with one "t"; however, the docket and November 30, 2010 arrest warrant provide a spelling of Brentt with two "t's." The Clerk of the Court is hereby directed to amend the caption to reflect the spelling of defendant's first name with one "t", as provided in defendant's identification documents.

1

presented. (Mar. 11, 2011 Tr.[2] at 6-8.) The local officers who stopped the individuals on March 3, 2010 did not review any identification documents, or take any photographs or fingerprints at that time. (*Id.* at 8-9, 21.) One of the individuals, who identified himself as Brent Hercules Antoine, told the local officers his address was 100 East 21 Avenue, Apt. 519, Brooklyn, NY,[3] provided his social security number as 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 and provided his date of birth as January 10, 1977. (*Id.* at 9, 22-23, 26; Gov't Brief Ex. 7[4].)

A few weeks after this incident, Special Agent Michael Raden of the United States Secret Service found a New York State Department of Motor Vehicles ("DMV") photograph of someone with the name Brentt K. Antoine. (Mar. 11, 2011 Tr. at 11-13; *see also* Mar. 21, 2011 Hearing Ex. C.) The DMV photograph was shown to the local officer who had stopped the individuals in the Walmart parking lot on March 3, 2010. (Mar. 11, 2011 Tr. at 12-13.) The local officer stated that the DMV photograph looked like an old picture of the individual he stopped on March 3, 2010. (Mar. 11, 2011 Tr. at 12-13.) The DMV photograph shown to the local officer was not of defendant, and the pedigree information of the individual in the

---

[2] Citations to "Tr." reference transcripts from the March 11, 2011 and March 21, 2011 identity hearings held by the magistrate judge.

[3] Special Agent Philip Trepiccione of the United States Secret Service initially testified at the March 11, 2011 removal hearing held by the magistrate judge that the individual who was stopped on March 3, 2010 told the local officers that his address was 570 Lefferts Avenue, Brooklyn, New York, 11203. (Mar. 11, 2011 Tr. at 9-10.) However, Special Agent Trepiccione clarified later in his testimony that the East 21 Avenue address was given initially by the individual, and the 570 Lefferts Avenue address was provided later as an updated address. (*Id.* at 22-23.)

[4] During proceedings before this court on July 13, 2011, defense counsel objected to any reliance by this court on the police report of the incident at issue here, which was submitted by the government with its brief on March 31, 2011, but was not admitted into evidence at the identity hearings held by the magistrate judge. (*See* Gov't Brief Ex. 7.) The court held during the July 13, 2011 proceedings, and reiterates here, that even if Exhibit 7 were not considered, the court's decision in the instant Memorandum and Order would be the same based on the testimony provided during the identity hearings.

photograph, including his social security number, date of birth and height, were different from that of defendant. (*Id.* at 28-34, 45.)

On November 30, 2010, a warrant was issued for defendant's arrest by the United States District Court for the Western District of Pennsylvania, for conspiracy to commit access device fraud in violation of 18 U.S.C. §§ 1029(a)(1)-(3) and for possession of fifteen or more counterfeit or unauthorized access devices in violation of 28 U.S.C. § 1029(a)(3), based on the March 3, 2010 incident. Secret Service Agents arrested defendant on January 25, 2011 immediately after an immigration adjustment interview in New York. (*Id.* at 13-15.) At that time, defendant had various identification documents in his possession with several variations of his name, including Brent K. Hercules Antoine and Brent Kevin Hercules Antoine. (*Id.* at 16-17; *see also* Mar. 11, 2011 Hearing Exs. 4, 5.) Dough Burek, one of the local officers who had identified the individuals in the Walmart parking lot on March 3, 2010, identified defendant as the person he saw in the parking lot on March 3, 2010 from defendant's arrest photograph taken on January 25, 2011. (Mar. 11, 2011 Tr. at 18-20; Mar. 11, 2011 Hearing Ex. 3.)

On January 25, 2011, Special Agent Trepiccione filed a request in this court that defendant be removed to the Western District of Pennsylvania pursuant to the arrest warrant issued on November 30, 2010. Magistrate Judge Orenstein held identity hearings on March 11, 2011 and March 21, 2011 to determine whether removal of defendant to the Western District of Pennsylvania would be proper.

During these hearings, the magistrate judge granted defendant the opportunity to subpoena the other Brentt K. Antoine (the "witness Antoine"), who was the person in the DMV photograph initially identified by the local officer. (Mar. 11, 2011 Tr. at 47-48, 50.) The witness Antoine appeared in court pursuant to defense subpoena. (*See* Mar. 21, 2011 Tr. at 2-12.) The

witness Antoine presented a copy of his learner's permit which contained the DMV photograph that the local officer had initially identified as an individual who looked like an old picture of the individual the officer spoke to on March 3, 2010. (*See* Mar. 21, 2011 Tr. at 3-4; Mar. 21, 2011 Hearing Ex. C.) The witness Antoine also testified that his address is 570 Lefferts Avenue, his social security number is 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 and his date of birth is June 13, 1979. (Mar. 21, 2011 Tr. at 3.)

Based on the evidence provided at the identity hearings, the magistrate judge held that probable cause was the proper standard to apply to determine whether defendant was the person named in the indictment, and that there was probable cause to believe that defendant was the person named in the indictment.

## **DISCUSSION**

The parties dispute whether: (i) probable cause is the proper standard for a determination of identity pursuant to Rule 5(c)(3); and (ii) the government has met its burden for removal.

*A. Standard for Determination of Identity in Removal Proceeding*

Defendant argues that the magistrate judge's application of the probable cause standard to determine identity in a removal proceeding was improper and, instead, the government must "clearly and satisfactorily" establish the defendant's identity as the defendant indicted by the grand jury for purposes of removal. The government disagrees and argues that the magistrate judge properly applied the probable cause standard.

Rule 5 does not specify the standard to be applied to determine whether the defendant in an action is the same person named in the out-of-district indictment. As the magistrate judge points out, ". . . the Advisory Committee notes to Rule 5 and, in particular, the 2002 Amendment to Rule 5, note that Rule 5.1, which explicitly incorporates a probable cause standard, was carved

out of Rule 5 and it was basically an organizational change to reflect that Rule 5.1 would deal with preliminary hearings." (*See* Mar. 21, 2011 Tr. at 29-30.) Furthermore, several cases apply the probable cause standard to determinations of identity in removal proceedings, although they do not expressly discuss whether it is in fact the correct standard. (*See id.* at 27-28 (citing *Rodriguez v. Warbock*, 499 F. Supp. 2d 479, 484-85 (S.D.N.Y. 2007); *McCrimmin v. U.S.*, 2009 WL 4347452, at *1 (N.D. Miss. Nov. 24, 2009)).)

In opposition, defendant relies only on *United States ex rel. Greenberg v. Pulver*, 1 F. Supp. 909, 910 (E.D.N.Y. 1932), *aff'd*, 61 F.2d 1044 (2d Cir. 1932), to argue that the government must "clearly and satisfactorily establish the identity of the relator as the defendant indicted by the grand jury." (Defendant's Brief at 3 (citing *Greenberg*, 1 F. Supp. at 910).) The court agrees with the magistrate judge that, because *Greenberg* pre-dates Rule 5, if Rule 5 prescribes probable cause then it trumps *Greenberg*. (*See* Mar. 21, 2011 Tr. at 29-30.) Moreover, none of the cases upon which the *Greenberg* court relied for its "clear and satisfactory" standard actually establish such a high standard. *See U.S. ex rel. Povland v. Hecht*, 48 F.2d 90, 91-93 (2d Cir. 1931) (an indictment in the defendant's name establishes a prima facie basis for removal, and probable cause shown by the government is sufficient for removal even if the evidence would not be sufficient to convict); *United States ex rel. Mouquin v. Hecht*, 22 F.2d 264, 265 (2d Cir. 1927) (identity for purposes of removal pursuant to an indictment is shown by proving that the defendant is the person the members of the grand jury meant to indict); *In re Burkhardt*, 33 F. 25, 25-28 (E.D. Wisc. 1887) (the court must "be satisfied of the identity of the prisoner" in order to remove the accused).

Furthermore, the court is hard pressed to believe that the standard for removal pursuant to Rule 5 would be higher than that required for a preliminary hearing, (*see* Rule 5.1(e)), for a

grand jury to return an indictment, or for the court to issue an arrest warrant or summons on an indictment or information, (*see* Rule 9(a)). Therefore, this court finds that the magistrate judge properly applied the standard of probable cause to determine whether removal was warranted in the instant action.

 B. *Whether the Government Has Met Its Burden for Removal*

Defendant further contends that the evidence it presented during the identity hearings combined with the paucity of information the government presented regarding the initial March 3, 2010 encounter with an individual suggests that the magistrate judge's determination of probable cause was not particularized with respect to defendant, and just as easily could have applied to the witness Antoine. As such, the probable cause finding was in error and the decision to order removal should be reversed. This court disagrees, and affirms the magistrate judge's order of removal.[5]

Here, defendant has the same name, date of birth and social security number as that provided by the individual in the van on March 3, 2010. (Mar. 11, 2011 Tr. at 9, 22-23, 26; Mar. 21, 2011 Tr. at 31; Gov't Brief Ex. 7.) In addition, when defendant was arrested on January 25, 2011 in New York, he was carrying identification documents that identified him as Brent Kevin Hercules Antoine and his date of birth as January 10, 1977, which match the information provided by the individual to the local officers on March 3, 2010. (Mar. 11, 2011 Tr. at 17; Mar. 11, 2011 Hearing Exs. 4, 5.) Despite defendant's claim that the identification of defendant by the local officer who stopped the individuals on March 3, 2010 is not reliable since

---

[5] The government relies on case law that addresses the standard of review to be applied by a reviewing court with respect to a magistrate judge's finding of probable cause for issuance of a warrant to support its argument that this court may not reverse the magistrate judge's finding of probable cause unless it is clearly erroneous. (*See* Gov't Brief at 8.) In contrast, defendant appears to argue that this court should apply a *de novo* review. (Defendant's Brief at 3.) The distinction is irrelevant here and, thus, will not be addressed in the instant memorandum and order, because the order of removal would be affirmed under either standard.

he initially identified another person with a name similar to defendant's as the individual at issue, the officer did not affirmatively identify that other person. (*See* Defendant's Brief at 3.) Instead, as reported by Special Agent Trepiccione, when the local officer was shown the DMV photograph of the witness Antoine, the officer "said it looked like [the individual at issue here,] but he [also] comment[ed] in his remarks that it seemed like a much older picture." (Mar. 11, 2001 Tr. at 12-13.) Moreover, even if the court were to disregard the local officer's identification of defendant from his January 25, 2011 arrest photo, this court agrees with the magistrate judge's conclusion that probable cause for the removal still exists based on the other evidence presented. (*See* Mar. 21, 2011 Tr. at 20, 29-32.) The defendant's and witness Antoine's names are similar, but not identical, and the address given to the local officer by the individual on March 3, 2010 was not the same as the witness Antoine's address. Instead, defendant's address and date of birth match those given to the local officer on March 3, 2010. (*See* Mar. 11, 2011 Tr. at 9, 22-23, 26; Gov't Brief Ex. 7.) That another person has a name similar to defendant's is insufficient to rebut the finding of probable cause for a determination of identity and removal of defendant pursuant to Rule 5. Whether the proof rises to the level of beyond a reasonable doubt is not relevant to the issue now before the court. The proof here is sufficient to satisfy the probable cause standard for removal of defendant pursuant to the warrant issued in the Western District of Pennsylvania.

## **CONCLUSION**

For the reasons discussed above, Magistrate Judge Orenstein's March 21, 2011 order of removal is affirmed.

SO ORDERED.

Dated: Brooklyn, New York
July 13, 2011

                                            /s/
                                 DORA L. IRIZARRY
                          United States District Judge